UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTIE A. LIMPERT, VIVIAN J. FONTEBOA,
VINCENT VALLE, JR., QUEEN SMITH,
WILLIAM A. SCHOBER, individually and on behalf
of all others similarly situated,

                      Plaintiff(s),                  **ORDER**
                                                                                     CV 03-5986 (TCP) (WDW)

        -against-

CAMBRIDGE CREDIT COUNSELING CORP.,
CAMBRIDGE CREDIT CORP., CAMBRIDGE/
BRIGHTON BUDGET PLANNING CORP. n/k/a/
CB BUDGET PLANNING CORP., BRIGHTON
CREDIT MANAGEMENT CORP., BRIGHTON CREDIT
CORP., BRIGHTON CREDIT CORP. OF MASSACHUSETTS,
BRIGHTON DEBT MANAGEMENT SERVICES, LTD.,
DEBT RELIEF CLEARINGHOUSE, LTD, CYPRESS
ADVERTISING AND PROMOTIONS, INC., FIRST CONSUMER
CREDIT MANAGEMENT CORP., JOHN PUCCIO, RICHARD
PUCCIO and ROBERT HENLE, P.C.,
                                    Defendant(s).
-------------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court is the plaintiff's application for attorney's fees and costs previously awarded as sanctions against the defendants referred to as the "Group A" defendants, that is, Cambridge Credit Counseling Corp., Brighton Credit Corp. of Massachusetts, Brighton Debt Management Services, Inc., Debt Relief Clearinghouse, Ltd., Cypress Advertising and Promotions, Inc., John Puccio and Richard Puccio. The application has been opposed on behalf of defendants Cambridge Credit Counseling Corp., John Puccio and Richard Puccio, but no opposition has been entered on behalf of the other defendants, possibly because of confusion arising from a misstatement by the court at the November 15th hearing. Thus, for the reasons explained more fully *infra,* defendants Brighton Credit Corp. of Massachusetts, Brighton Debt

Management Services, Inc., Debt Relief Clearinghouse, Ltd., and Cypress Advertising and Promotions, Inc. will be given a further opportunity to file opposition, which must be served and filed no later than February 10, 2006 with a reply due by February 17, 2006.

Beginning in January 2005, the plaintiffs made three motions to compel, each of which was granted by the court. See Docket ## 80, 100, 101. In September 2005, the plaintiffs made another motion to compel and for sanctions, based on the defendants' alleged non-compliance with earlier orders. Dkt # 103. The sanctions portion of that motion is the issue of the instant motion.

A hearing on the motion was held on September 21, 2005. At the hearing, then-counsel for all defendants, Epstein Becker & Green, P.C. (EBG), stated its intention to move to withdraw. EBG was involved in a dispute with the defendants Cambridge Credit Counseling Corp., Brighton Credit Corp. of Massachusetts, Brighton Debt Management Services, Inc., Debt Relief Clearinghouse, Ltd., Cypress Advertising and Promotions, Inc., John Puccio and Richard Puccio (the "Group A" defendants), and would not release certain parts of the file pending resolution of that dispute, although another law firm, Sheppard, Mullin, Richter & Hampton, was prepared to take over their representation[1]. The Law Office of Brian J. Davis indicated Mr. Davis's intention to appear on behalf of defendants Cambridge Credit Corporation, Cambridge Brighton Budget Planning Corp., Brighton Credit Management Corp, Brighton Credit Corp. and Robert Henle, P.C. (the "group B" defendants). The court adjourned the hearing on the sanctions motion to September 29 to permit the defendants to resolve their representation issues.

At the September 29 hearing, the court first heard argument on the motion to compel and

---

[1] Sheppard Mullin has since withdrawn as counsel.

for sanctions and granted the motion as to the Group A defendants, who continued to be represented by EBG, but deferred determination of what form the sanctions would take. Decision as to the Group B defendants, then represented by Brian Davis, was also deferred. See Tr. 29:7-15. Following that argument, the court considered EBG's motion to withdraw, granted it, and directed the Group A defendants to retain new counsel by October 14, 2005. On October 6, the Sheppard Mullin Firm filed a notice of appearance as counsel for Group A defendants Cambridge Credit Counseling Corp., John Puccio and Richard Puccio. Dkt. # 124. On October 7, 2005, Brian Davis filed a notice of appearance for the remaining Group A defendants, Brighton Credit Corp. of Massachusetts, Brighton Debt Management Services, Inc., Debt Relief Clearinghouse, Ltd., and Cypress Advertising and Promotions, Inc. Dkt. #125.

On October 17, 2005, the Sheppard Mullin firm filed a motion to reconsider the September 29th order granting the motion to compel against those defendants now represented by Sheppard Mullin, that is, Cambridge Credit Counseling Corp., John Puccio and Richard Puccio. The motion was denied at the sanctions hearing held on October 20. At the hearing, the Sheppard Mullin firm proposed an adjournment of the sanctions hearing until a meet and confer could be held and further documents reviewed. The other parties and the court agreed, and the hearing was adjourned to November 15, 2005. Extensive production by the defendants and discussion by both sides ensued.

A hearing was held on November 15. At the conclusion of that hearing, the undersigned awarded, as a sanction on the motion to compel previously granted, the costs and fees in connection with that motion, as well as the costs for the production of previously produced discovery to the Sheppard Mullin firm. 11/15 Tr. 17:23-18:5. The undersigned further suggested

that the award of fees and costs pertained only to those parties represented by the Sheppard Mullin firm. 11/15 Tr. 18:12-17. That statement has created some confusion as to precisely which parties are the subject of the sanctions order.

When the motion to compel was granted and sanctions awarded at the hearing on September 29, the sanction was against the "Group A" defendants, then represented by EBG. Group A consisted of Cambridge Credit Counseling Corp., Brighton Credit Corp. of Massachusetts, Brighton Debt Management Services, Inc., Debt Relief Clearinghouse, Ltd., Cypress Advertising and Promotions, Inc., John Puccio and Richard Puccio. At that hearing, it appeared to the court that representation of all of the Group A defendants would be taken over by the Sheppard Mullin firm. As it happened, however, Sheppard Mullin assumed representation only of Cambridge Credit Counseling Corp., John Puccio and Richard Puccio, with Brian Davis appearing for the other original Group A defendants. On November 15, when the undersigned stated that the costs and fees sanctions pertained only to the "Sheppard Mullin" defendants, the intent was to refer to all of the original Group A defendants, and not to limit the sanctions to the three defendants who subsequently retained Sheppard Mullin.

In their papers in support of the sanctions application, the plaintiffs raise the question of whether, in referring to the Sheppard Mullin defendants on November 15, the court intended to amend its September 29 order or whether it still intends to grant the motion as to all the Group A defendants. Tusa Decl. ¶30 n.3. No amendment was intended, and the sanction stands against all of the original Group A defendants, that is, Cambridge Credit Counseling Corp., Brighton Credit Corp. of Massachusetts, Brighton Debt Management Services, Inc., Debt Relief Clearinghose, Ltd., Cypress Advertising and Promotions, Inc., John Puccio and Richard Puccio.

The court notes that although Sheppard Mullin has opposed the application on behalf of its former clients, no opposition has been received from the Group A defendants represented by Brian Davis, that is, Brighton Credit Corp. of Massachusetts, Brighton Debt Management Services, Inc., Debt Relief Clearinghouse, Ltd., and Cypress Advertising and Promotions, Inc. Assuming that the lack of opposition is the result of confusion arising out of my comment on November 15, the court will give Mr. Davis an opportunity to file his clients' opposition. Papers shall be served and electronically filed no later than February 10, 2006. The plaintiffs may file reply papers no later than February 17, 2006.

Dated: Central Islip, New York  **SO ORDERED:**
February 1, 2006

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge