UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTIE A. LIMPERT, VIVIAN J. FONTEBOA,
VINCENT VALLE, JR., QUEEN SMITH,
WILLIAM A. SCHOBER, individually and on behalf
of all others similarly situated,

                              Plaintiff(s),         **ORDER**
                                              CV 03-5986 (TCP) (WDW)

           -against-

CAMBRIDGE CREDIT COUNSELING CORP.,
CAMBRIDGE CREDIT CORP., CAMBRIDGE/
BRIGHTON BUDGET PLANNING CORP. n/k/a/
CB BUDGET PLANNING CORP., BRIGHTON
CREDIT MANAGEMENT CORP., BRIGHTON CREDIT
CORP., BRIGHTON CREDIT CORP. OF MASSACHUSETTS,
BRIGHTON DEBT MANAGEMENT SERVICES, LTD.,
DEBT RELIEF CLEARINGHOUSE, LTD, CYPRESS
ADVERTISING AND PROMOTIONS, INC., FIRST CONSUMER
CREDIT MANAGEMENT CORP., JOHN PUCCIO, RICHARD
PUCCIO and ROBERT HENLE, P.C.,
                              Defendant(s).
-------------------------------------------------------------X
**WALL, Magistrate Judge:**

       Before the court is the plaintiff's application for attorney's fees and costs previously

awarded as sanctions against the defendants referred to as the "Group A" defendants, that is,

Cambridge Credit Counseling Corp., Brighton Credit Corp. of Massachusetts, Brighton Debt

Management Services, Inc., Debt Relief Clearinghouse, Ltd., Cypress Advertising and

Promotions, Inc., John Puccio and Richard Puccio. On or about December 20, 2005, the plaintiffs

submitted their lodestar application, seeking fees for work done by two firms - Whalen & Tusa

($140,975) and the Law Offices of G. Oliver Koppell & Assocs. ($45,365)- for a total of

$186,340 in attorney's fees and costs in the amount of $752.97 incurred by Whalen & Tusa and

$515.06 incurred by the Law Offices of G. Oliver Koppell & Assocs. for a total of $1,269.03 in

costs. These amounts include reasonable costs associated with the plaintiffs' electronic duplication and re-production of all of the discovery produced in this lawsuit over the past years, for which defense counsel must compensate the plaintiffs. The reason underlying the unusual "re-production" was a lien asserted by Epstein Becker & Green, defendants' former counsel, over litigation materials in their possession, including discovery documents.

The amounts sought are attacked by the defendants as exorbitant on several grounds. The court agrees that the amount sought is staggering when viewed solely as an application for attorney's fees on a motion to compel, but notes that the fees must be broken down into costs and fees on the motion and costs for the second production of discovery documents. The court cannot, however, readily determine that breakdown from the plaintiff's submissions. Thus, the plaintiffs are directed to resubmit their application, breaking down the amounts sought into one application for the motion to compel and a separate application for the costs associated with the production of discovery documents. Those applications shall be filed and served no later than March 30, 2006, with any opposition not already set forth in the defendants' earlier papers to be filed and served by April 11, 2006 and a reply, if any, by April 17, 2006.

In resubmitting the application, the plaintiffs should keep in mind that time that would have necessarily been spent in reviewing discovery whether or not a motion to compel had been necessary is not compensable as part of the fees for that motion. Plaintiffs should also know that costs not supported by invoices or other evidence must be denied.

Dated:  Central Islip, New York
        March 9, 2006

**SO ORDERED:**


  /s/ William D. Wall   
WILLIAM D. WALL
United States Magistrate Judge