UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTIE A. LIMPERT, VIVIAN J. FONTEBOA,
VINCENT VALLE, JR., QUEEN SMITH,
WILLIAM A. SCHOBER, individually and on behalf
of all others similarly situated,

       Plaintiff(s),        **ORDER**
                   CV 03-5986 (TCP) (WDW)
  -against-

CAMBRIDGE CREDIT COUNSELING CORP.,
CAMBRIDGE CREDIT CORP., CAMBRIDGE/
BRIGHTON BUDGET PLANNING CORP. n/k/a/
CB BUDGET PLANNING CORP., BRIGHTON
CREDIT MANAGEMENT CORP., BRIGHTON CREDIT
CORP., BRIGHTON CREDIT CORP. OF MASSACHUSETTS,
BRIGHTON DEBT MANAGEMENT SERVICES, LTD.,
DEBT RELIEF CLEARINGHOUSE, LTD, CYPRESS
ADVERTISING AND PROMOTIONS, INC., FIRST CONSUMER
CREDIT MANAGEMENT CORP., JOHN PUCCIO, RICHARD
PUCCIO and ROBERT HENLE, P.C.,
        Defendant(s).
-------------------------------------------------------------X
**WALL, Magistrate Judge:**

  Before the court is a motion [Docket Entry ("DE") #190] by Defendants John and Richard Puccio for reconsideration of the undersigned's order of May 15, 2006 [DE #187], which, *inter alia,* denied their request to pay none or only a small amount of the sanctions earlier imposed on the Group A Defendants, of which the Puccios are a part. For the reasons set forth herein, the motion for reconsideration is denied.

## BACKGROUND

  Familiarity with the procedural history underlying this motion is presumed and will be restated only briefly. On September 30, 2006, the plaintiffs' motion to compel and for sanctions [DE#103] was granted against the Group A defendants, there having been no objection from the

Group A defendants' attorneys, Epstein Becker Green ("EBG")[1]. In the May 15, 2006 order now at issue, the court determined the amount of sanctions to be paid, and awarded the plaintiffs $50,000 in attorneys' fee and $300 in costs on the motion to compel, and $15,000 in fees and costs on the re-production of discovery documents, an issue that arose after the motion to compel and for sanctions was decided.

The court also denied the Puccios' application to be allowed to pay none or only a small amount of the sanctions. The gist of their argument was that the two individual defendants had not been specifically accused of discovery failures and thus should not be required to pay sanctions for the discovery failures of the corporate Group A defendants. The court found that this argument had not been raised in opposition to the original motion to compel and for sanctions, held that it was the law of the case that the Puccios were liable on the motion to compel and for sanctions, and declined to revisit the issue. The Puccios now move for reconsideration of that ruling.

## DISCUSSION

The "standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matter, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Additionally, "a motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* The brief filed on behalf of the

---

[1]The plaintiffs' motion to compel and for sanctions was filed on September 5, 2005, when EBG was the attorney of record for the Group A defendants, but EBG never opposed the sanctions motion. Instead, on September 27, 2006, EBG moved to withdraw, without entering opposition. At the motion hearing on September 29 (improperly stated as September 30 in the docket), both the motion for sanctions and EBG's motion to withdraw were granted.

Puccios makes no reference to any new, controlling decisions or new evidence that might lead the court to reach a different conclusion than that reached in the May 15th order.

The defendants discuss at length the errors they believe this court made in its determination, but fail to cite to any new evidence or law that might show that the decision should be reconsidered. Indeed, the papers in support of the motion for reconsideration were filed, in the alternative, as an appeal of the order to District Judge Platt pursuant to Rule 72(a), and that is the standard under which the Puccios' argument is more properly considered.

Dated: Central Islip, New York  
July 12, 2006

SO ORDERED:

/s/ William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge